IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIN LIU and HAU REN,<br><br>            Plaintiffs,<br><br>vs.<br><br>MICHAEL CHERTOFF, <u>et</u> <u>al.</u>,<br><br>            Defendants. | Case No. 2:06-cv-2808-RRB-EFB<br><br><br>**<u>MEMORANDUM OF OPINION</u>**<br>**<u>AND ORDER</u>** |

Plaintiffs Xin Liu and Huan Ren filed this action seeking to compel Defendants Michael Chertoff, Secretary of the Department of Homeland Security, Emilion T. Gonzalez, Director of the U.S. Citizenship and Immigration Services, Christina Poulos, Acting Director of the U.S. Citizenship and Immigration Services, California Service Center, and Robert S. Mueller, III, Director of the Federal Bureau of Investigation (collectively "Defendants"), to adjudicate their I-485 applications for adjustment to permanent resident status. Plaintiffs allege that they are entitled to a writ of mandamus compelling adjudication of their I-485 applications because Defendants have improperly delayed in processing such applications. Defendants now seek dismissal of the

entire action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure sections 12(b)(1) and 12(b)(6). For the following reasons, the Court DENIES the motion to dismiss.[1]

**I. BACKGROUND**

On or about December 16, 2004, Plaintiffs, both natives of China, filed I-485 applications with the United States Citizenship and Immigration Services ("USCIS") to adjust their immigration status to lawful permanent resident. Complaint ¶¶ 1, 4 & 9. On June 30, 2006, Plaintiffs made an inquiry to the USCIS about the status of their applications and were informed that their applications had yet to be processed because their background checks were not complete. Comp. ¶ 11.

On December 11, 2006, nearly two years after submitting their applications, Plaintiffs filed the instant action seeking review of USCIS inaction in the form of improper delay in adjudicating their I-485 adjustment of status applications. Comp. ¶ 12. Plaintiffs now seek mandamus relief from this Court, praying

---

[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir.1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required). As a result, the oral argument presently scheduled for Wednesday, July 25, 2007, is hereby **VACATED**.

for an order requiring Defendants to immediately and properly adjudicate their I-485 applications.  Comp. ¶ 21.

## II. DISCUSSION

### A. Legal Standard

Defendants have moved to dismiss Plaintiffs' entire action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

A motion to dismiss under Rule 12 (b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint.  Fed.R.Civ.P. 12(b)(1).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Intern. v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotation marks omitted).  It is the burden of plaintiffs to persuade the Court that subject matter jurisdiction exists.  See Hexom v. Oregon Dept. of Transp., 177 F.3d 1134, 1135 (9th Cir. 1999).

A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint

will be taken as true and construed in the light most favorable to plaintiff.  See NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  A court may resolve factual disputes in determining the existence of jurisdiction without converting the motion to one for summary judgment.  See Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987) (citing Thornhill Pub., 594 F.2d at 733).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim is warranted under Rule 12(b)(6) when the claim lacks a cognizable legal theory or there are insufficient facts alleged to support plaintiff's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); Navarro, 250 F.3d at 732.  A motion to dismiss under Rule 12(b)(6) is not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Balistreri, 901 F.2d at 699; Navarro, 250 F.3d at 732.

Resolution of a Rule 12(b)(6) motion requires the court to: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-338 (9th Cir. 1996).  If a

complaint is found to fail to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts.  See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).[2]

**B. Motion to Dismiss**

Plaintiffs assert that subject matter jurisdiction is proper pursuant to: (1) mandamus jurisdiction (28 U.S.C. § 1361); (2) the Administrative Procedures Act ("APA") (5 U.S.C. § 701 *et seq.*); and (3) the Declaratory Judgment Act (28 U.S.C. § 2201 *et seq.*).

28 U.S.C. § 1361 provides, that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361 is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616.  "A writ of mandamus is appropriately issued only when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so

---

2 Because Defendants' Rule 12(b)(6)  motion is based solely on a lack of jurisdiction, the Court  will treat it as a Rule 12(b)(1) motion.

plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994)(quoting Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986)).

"The APA authorizes suit by '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 61 (2004); 5 U.S.C. § 702. "'[A]gency action' is defined . . . to include 'the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act*.'" Norton, 542 U.S. at 62 (emphasis in original). When an agency fails to act, the APA provides relief in the form of empowering a court to compel agency action unlawfully withheld or unreasonably delayed. Id.

The APA provides relief for a failure to act insofar as it empowers a district court to compel an agency to perform a ministerial or non-discretionary act, or to act on a matter without directing it how to act, so long as the plaintiff has asserted a discrete agency action that it is required to take, if the agency unlawfully withheld or unreasonably delayed in acting on a duty. Norton, 542 U.S. at 63-65; see 5 U.S.C. § 555(b) (Under the APA, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency

shall proceed to conclude the matters presented to it."). Should an agency not proceed as directed by 5 U.S.C. § 555(b), a court may hear a petition for a writ of mandamus compelling an agency to perform an "action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).[3]  In short, a plaintiff may invoke subject matter jurisdiction under the APA, if he or she shows that a defendant (1) had a nondiscretionary duty to act, and (2) unreasonably delayed in acting on that duty.  Norton, 542 U.S. at 63-65.

Relief under mandamus and the APA are virtually equivalent when a petitioner seeks to compel an agency to act on a non-discretionary duty.  See Independence Mining Co. v. Babbitt, 105 F.3d 502, 507 (9th Cir. 1997).

**C. Analysis**

In the instant motion, Defendants argue that dismissal is appropriate for lack of subject matter jurisdiction because Plaintiffs cannot show that they have a clear right to immediate adjudication of their I-485 applications, or that Defendants have a clear, ministerial duty to act on those applications within a particular period of time.  Motion at 3,5-7.  Additionally, Defendants argue that dismissal is appropriate because Plaintiffs are not entitled to relief under the APA as it exempts from

---

3 U.S.C. § 706(1) provides that a district court "shall compel agency action unlawfully withheld or unreasonably delayed."

judicial review actions that are "committed to agency discretion by law."   Mot. at 7-8.   For the following reasons, the Court disagrees.

The Immigration and Nationality Act ("INA") authorizes "the Attorney General, in his discretion," to adjust to permanent residence status certain aliens who have been admitted into the United States. 8 U.S.C. § 1255(a).[4]  However, as the government has conceded in at least two similar actions, see Singh v. Still, 470 F. Supp.2d 1064, 1067 (N.D. Cal. 2007) and Gelfer v. Chertoff, 2007 WL 902382, *2 (N.D. Cal. 2007), while its duty to grant an adjusted status is discretionary, its duty to *process* I-485 applications under section 1255 is non-discretionary.  The Court is persuaded by the reasoning of these cases.

In the case at bar, Defendants argue that mandamus cannot be used to control the discretionary mandate given to the Attorney General to adjust an alien's status.   Mot. at 6.   Defendants further argue that because section 1255 does not provide a mandatory time frame for the adjudication of I-485 applications, mandamus is improper because Congress vested the Attorney General with complete discretion over the processing of I-485 applications,

---

4    Section 1255(a) provides that: "[t]he status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion *and under such regulations as he may prescribe,* to that of an alien lawfully admitted for permanent residence[.]" 8 U.S.C. 1255(a) (emphasis added).

including how and when to do so.  <u>Id</u>.   The Court finds these arguments unpersuasive.

As an initial matter, because Plaintiffs seek an order compelling Defendants to adjudicate (i.e., process) their I-485 applications, not to decide them one way or the other, the discretionary mandate given to the Attorney General to adjust an alien's status is not implicated.   Indeed, a mandamus order compelling Defendants to process Plaintiffs' I-485 applications plainly does not interfere with the mandate of the Attorney General to exercise its discretion in granting or denying such applications.  This is because the processing of I-485 applications is clearly non-discretionary.  <u>See</u> <u>Aboushaban v. Mueller</u>, 2006 WL 3041086, *2 (N.D. Cal. 2006) (Holding that the duty to adjudicate a plaintiff's I-485 application is non-discretionary).

Moreover, under the circumstances, an order compelling adjudication of Plaintiffs' I-485 applications may be proper because Defendants have a duty to adjudicate[5] I-485 applications within a reasonable time.  <u>See</u> 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall

---

5 See C.F.R. § 209.2 (f) (Section 209.2 provides, in pertinent part, that: "The applicant shall be notified of the decision, and if the application is denied, of the reasons for denial. [. . . .] If the application is approved, the director shall record the alien's admission for lawful permanent residence as of the date one year before the date of the approval of the application. . . .").

proceed to conclude the matters presented to it."); 5 U.S.C. § 706(1) (providing that courts shall compel an agency to perform an "action unlawfully withheld or unreasonably delayed."); see also Wu v. Chertoff, et al., 2007 WL 1223858, *3 (N.D. Cal. 2007) (holding that a clear and certain right exists to have immigration status adjustment applications adjudicated in a reasonable time frame.); Singh, 470 F.Supp.2d at 1067 (plaintiffs seeking adjustment of their legal status have a right, enforceable through a writ of mandamus, to have the applications processed within a reasonable time."); Gelfer, 2007 WL 902382 at *2 (the government has a statutorily prescribed duty to adjudicate a petitioner's immigration status adjustment application 'within a reasonable time' under 5 U.S.C. § 555(b)).[6]

        In the case at bar, Plaintiffs filed their I-485 applications on December 16, 2004.  Comp. at ¶ 1.  As such, their applications have been pending for nearly two-and-a-half years.

---

        6 See also Yu v. Brown, 36 F. Supp. 2d 922, 932 (D.N.M. 1999) (Although no time frame is expressly defined in the INA [with respect to the adjudication of applications for a change of status to permanent resident], "a contrary position would permit [Defendants] to delay indefinitely," and "Congress could not have intended to authorize potentially interminable delays."); Gelfer, 2007 WL 902382 at *2 ("Allowing the respondents a limitless amount of time to adjudicate petitioner's [I-485] application would be contrary to the 'reasonable time' frame mandated under 5 U.S.C. § 555(b) and, ultimately, could negate the USCIS's duty under 8 C.F.R. 245.2(a)(5).").

Mot. at 6.  Defendants attribute this delay to the large volume of

applications received[7] and the extensive background checks[8] required

to process them.  Id.  Specifically, Defendants assert that the

delay in this case is not unreasonable because they are simply

following the security background check procedures set forth in the

Immigration Security "Fact Sheet."   The Court finds such an

assertion, without more, insufficient to justify the two-and-a-half

year delay.  See Gelfer, 2007 WL 902382 at *2 (reasonable delay in

processing an I-485 application is not shown by simply asserting

that the USCIS is awaiting the results of an FBI name check when

plaintiff's application has been stagnant for two years).

Accordingly, absent a more particular explanation by

Defendants as to the cause of delay in processing Plaintiffs'

applications, the Court finds that defendant has failed to

---

[7]  Defendants have provided the declaration of Wendy S. Clark,
the Acting Assistant Director with the USCIS' California Service
Center ("CSC").  Decl. Wendy S. Clark at ¶ 1, attached to Def.'s
Mot. to Dismiss.  In her declaration Ms. Clarke attests that the
CSC receives approximately 5,000 I-485 applications a month and
currently has 30,000 I-485 applications awaiting adjudication.  Id.
at ¶ 6.

[8]  Ms. Clarke also attests in her declaration that there are
various security checks that must be performed - in order to
enhance national security and ensure the integrity of the
immigration process - before an application can be adjudicated.
Id. at ¶¶ 3-4.  The various types of checks that must be performed
are set forth in the "Fact Sheet," attached as Exhibit 1 to Wendy
S. Clarke's declaration.  Id. at ¶ 4.  The checks include: an
Interagency Border Inspection System ("IBIS") name check, FBI
fingerprint check and FBI name checks. (Decl. of Wendy S. Clarke,
Exh. 1.

demonstrate that a two-and-a-half year delay is reasonable.  See
Gelfer, 2007 WL 902382 at *2 (a two year delay in processing an I-
485 application is not reasonable as a matter of law to warrant
dismissal for lack of subject matter jurisdiction); Wu, 2007 WL
1223858 at *3 (a three year delay in processing an I-485
application is not reasonable as a matter of law to warrant
dismissal for lack of subject matter jurisdiction).

For these reasons, the Court concludes that it has
subject matter jurisdiction over this action under both the writ of
mandamus (28 U.S.C. § 1361) and the APA (5 U.S.C. § 701 et seq.).
Defendants have a non-discretionary duty to adjudicate Plaintiffs'
I-485 applications within a reasonable time and Defendants have
failed to demonstrate that a two-and-a-half year delay is
reasonable as a matter of law.  However, because the amount of time
that is reasonable to adjudicate an I-485 application is a fact-
specific inquiry, it is premature on a motion to dismiss to
determine whether the delay in this matter is unreasonable as a
matter of law.  See Wu, 2007 WL 1223858 at *3 (The amount of time
that is reasonable to process an I-485 application is a fact-
specific inquiry, which is premature at the motion to dismiss
stage); see Yu, 36 F.Supp.2d at 935 ("What constitutes an
unreasonable delay in the context of immigration applications
depends to a great extent on the facts of the particular case.");
Gelfer, 2007 WL 902382 at *2 (On a motion to dismiss, "it is

MEMORANDUM OF OPINION AND ORDER - 12
2:06-cv-2808-RRB-EFB

premature to consider the exact sources of the delay to determine whether the delay was actually unreasonable under the circumstances.").

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim.

**IT IS SO ORDERED.**

ENTERED this 10th day of July, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE